# Appeal of Geddes and Wife.

1. Where lands are owned by two persons on the face of the deed of conveyance to them as tenants in common it is incompetent, whenever the rights of third persons are involved, to show by parol that they were held as partnership property.

2. W. & S., who were partners, by agreement, sold certain lands in their individual names, without any reference to their acting as a partnership or to show that they held their interest in the lands as partners. *Held,* that the surviving partner cannot be allowed to change that condition by parol evidence so as to affect the right of any creditor who on the faith of it obtained a lien either upon that interest itself or the proceeds of. it in money.

June 7th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Appeal from the Court of Common Pleas of *Elk county :* Of May Term 1877, No. 143.

Appeal of Charles K. Geddes and Sarah S., his wife, in right of the said Sarah S. Geddes, executrix, from the decree of the court in the distribution of money paid into court upon a special verdict.

The facts were these :—

On the 27th of April 1868 a judgment was entered in the court of Common Pleas of Elk county, in favor of John B. Coryell, against E. C. Schultze and William Schultze, for $3000. On April 15th 1872 Coryell assigned the judgment to Henry Sproul. Before the entry of the judgment, E. C. Schultze, one of the defendants, and George Weis, became the owners of certain tracts of land in Elk county, which they had purchased by articles of agreement, and which he and Weis afterwards sold, at different times, to the

[Appeal of Geddes and Wife.]

St. Mary's Coal Company. The last of these sales was made by a written agreement under seal, dated January 20th 1873, when Weis and E. C. Schultze bargained and sold the fee in one hundred acres of land, and the coal, iron and other minerals in certain other tracts of land to the St. Mary's Coal Company for $10,915, of which $6300 was to be paid to their vendors, and the balance, to wit, $4615, was to be paid to Weis and Schultze, as follows, to wit, $300 in hand at the date of the agreement, $1415 on July 1st 1874, $1450 on January 1st 1875, and $1450 on July 1st 1875, with interest on the deferred payments from January 4th 1873. The hand-money, $300, was paid to Weis and Schultze together on January 20th 1873, and receipted for by both.

A scire facias to revive the judgment of Coryell, for use of Sproul v. E. C. Schultze et al., was issued August 16th 1873, on which judgment was obtained January 15th 1874 for $3994.58 and costs. On October 12th 1874 an attachment in execution was issued upon this judgment against E. C. Schultze et al., defendants, and the St. Mary's Coal Co., garnishee, which was duly served upon the garnishee on December 27th 1874. In the meantime, on August 4th 1874, Weis received of the St. Mary's Coal Company, and receipted for, $774.20, being one-half of the instalment due July 1st 1874, and its interest.

On January 16th 1875, Henry Sproul, the plaintiff in the attachment, died, having made his last will and testament, dated October 21st 1871, whereof he appointed his daughter, Sarah G. Sproul, executrix. Some months after the death of Henry Sproul, E. C. Schultze, the defendant in the attachment, also died.

On August 10th 1875 George Weis, as survivor of himself and E. C. Schultze, brought an action of debt, in the Court of Common Pleas of Elk county, against The St. Mary's Coal Company, for the balance of the purchase-money and interest due upon the agreement of January 20th 1873. The defendant pleaded *nil debet*, set off, and payment with leave, &c. At the trial, on May 26th 1876, the defendant, by leave of court, filed an additional plea, setting out the attachment in execution; whereupon the jury, by direction of the court, rendered a special verdict, which was entered as follows, to wit: "May 26th 1876, verdict for the plaintiff in the sum of four thousand, three hundred fifty and 9–100 dollars; and whereas it appears in evidence that an attachment execution issued at the suit of Henry Sproul v. E. C. Schultze et al., in which defendant was summoned as garnishee; we therefore find that when the money is paid on this judgment, the sum of two thousand six hundred and four dollars and fifty-two cents ($2604.52), with interest from date, should be brought into court to be distributed under the order and direction of the said court, and that the balance of said money, with interest and costs, can be taken by George Weis, being $1745.57 and interest thereon." Judgment was entered upon this verdict June 3d 1876.

[Appeal of Geddes and Wife.]

On September 22d 1876, the petition of Charles K. Geddes and Sarah S., his wife, in right of the said Sarah S. Geddes, executrix of the last will and testament of Henry Sproul, deceased, was presented to the court, praying the court to award to them the said $2604.52, upon their attachment in execution against E. C. Schultze *et al.*, defendants, and The St. Mary's Coal Company, garnishee. On the same day a rule to show cause was granted, and an auditor was appointed to distribute the money.

At the hearing before the auditor, the executrix of Henry Sproul, deceased, claimed the money in court by virtue of the attachment, and gave evidence showing that E. C. Schultze had been the owner of an undivided half interest in the lands as tenant in common. Weis, on the other hand, claimed it as surviving partner of E. C. Schultze, and to substantiate his claim, offered in evidence an agreement of co-partnership, in the business of buying and selling lands in Elk county, between himself and E. C. Schultze, dated July 16th 1863, which had never been recorded, followed by his own testimony as to the state of the accounts between himself and his late co-partner. To this evidence the executrix objected, because the agreement of co-partnership having never been recorded, and there being no evidence to show that the plaintiff in the attachment or any other person than the parties themselves, had ever been aware of its existence, it was inadmissible to affect rights which had already attached; and because, the plaintiff and the defendant in the attachment being both 'dead, George Weis, the opposing party in interest, was incompetent to testify in his own behalf. She also showed that Weis and Schultze, in all their dealings in regard to these lands which were open to the public, had acted as tenants in common.

Under these objections, the auditor received the evidence offered by Weis, but subsequently reported it as incompetent, and awarded the money in court, to Sarah S. Geddes, executrix, &c.

To this report Weis excepted, and, after argument, the court sustained the exceptions, set aside the report of the auditor as to the award to Sarah S. Geddes, executrix, &c., and directed the fund in court to be paid to Weis, as surviving partner.

From this decree the executrix has taken this appeal.

*Hall & McCauley* and *Charles K. Geddes*, for appellants.— That there may be a partnership to deal in lands is well settled, but it imposes certain duties, and is subject to certain restrictions, which do not exist in ordinary partnerships. Land is not a mere chattel that can be passed from hand to hand by simple delivery; but, on the contrary, the Statute of Frauds forbids any interest or estate in lands to be held or transferred without deed or writing.

Where partners intend to bring real estate into partnership stock, that intention must be manifested by deed or writing, placed on record, that purchasers and creditors may not be deceived: Hale *v.*

[Appeal of Geddes and Wife.]

Henrie, 2 Watts 146; Ridgway, Budd & Co.'s Appeal, 3 Harris 181. To the same effect are McDermot *v.* Laurence, 7 S. & R. 438; Lefevre's Appeal, 19 P. F. Smith 122; Ebbert's Appeal, 20 Id. 79.

*Henry Souther* and *George A. Rathbun,* for appellees.—What was the condition of Weis and Schultze in relation to these lands immediately after the delivery of the agreement to the company? They were partners; as such partners they had a mere equity in these lands, a right to the title upon payment of the purchase-money; they were not in possession, nor, from anything that appears, had they any rights of possession until payment; such rights as they had, these mere equities, they sold and absolutely conveyed to the purchaser. No interest in the land in any shape remained in them.

If the appellants have any rights at all under their attachment execution, their rights are only those which Schultze had; they stand in his shoes, but only as sheriff's vendees of his interest, or his personal representative might. With Shultze dead, or his interest sold by the sheriff, to Weis as remaining partner belongs the right of marshaling the firm assets and adjusting the firm liabilities before anything would be due to those representing Schultze.

Mr. Justice SHARSWOOD delivered the opinion of the court, June 25th 1877.

It is settled in this state as well as anything can be settled, that where lands are owned by two persons on the face of the deed of conveyance to them as tenants in common, it is incompetent whenever the rights of third persons are involved to show by parol that they were held as partnership property. It is enough for the purposes of this case to refer to Lefevre's Appeal, 19 P. F. Smith 122 and Ebbert's Appeal, 20 Id. 79, in which the former decisions of this court are fully considered and discussed. It is certainly not enough that the articles of co-partnership are in writing, nor that they are expressly for buying and selling real estate. Parol evidence must still be resorted to, to show that the particular land in question was a part of the partnership transactions. The principle of these cases cannot now be controverted, and indeed it has not been in this case. But the contention is that as the land has been converted into money and the fund in court is personal estate, the execution creditor by his attachment of the fund treats it as such and is not within the protection of the principle. On the 15th January 1874 the judgment of Coryell *v.* Schultze was revived and became a lien on whatever interest Schultze had in the land. He had in conjunction with Weis, his co-partner, sold it on the 20th day of January 1873 to the St. Mary's Coal Company, and a large part of the purchase-money was unpaid. Schultze and Weis had an interest in the land to the extent of the unpaid purchase-money.

[Appeal of Geddes and Wife.]

It is true, as it appears, that the legal title was still outstanding in former owners. But that circumstance does not vary the case. The revived judgment was a lien on their interest in the land as security for the purchase-money whether that interest was legal or equitable. As to the judgment creditor, the interest of Schultze upon the face of the contract of sale to the St. Mary's Coal Company was that of a tenant in common. He had a right to consider and treat it as such. He attached the purchase-money and summoned the St. Mary's Coal Company as garnishee. As to him, Schultze owned half the interest in the land and was entitled to half the purchase-money. How then did the attachment of it as a debt compromise his rights? It is said that he has merely stepped into the shoes of Schultze and has no other rights than he. We will not stop to inquire whether as against Schultze the legal effect of the writing could be changed by parol evidence without evidence of fraud or of what would raise a resulting trust for the partnership. An attaching creditor has often higher rights than his debtor, as in the instance of the attachment of funds in the hands of a fraudulent assignee. The assignor cannot controvert the assignment on that ground, but the attaching creditor may. "It is very clear," says the present chief justice, in Ebbert's Appeal, *supra*, "that honest creditors, who are led to give credit to the individual partners on the apparent state of the title in them individually, ought not to be met afterwards by a change of face in the deed by which it takes a partnership aspect contrary to its terms." He had previously observed that "to alter a deed so as to make it of different import offends against the spirit of all those laws made to protect the public against fraud and secret titles and prevent a change of right to the prejudice of those who deal upon the apparent legal operation of the instrument. The covinous character of the change in the title in such case is of a kind with that forbidden by the statutes of 15 and 27 Elizabeth, and the statute against frauds and perjuries." Now the agreement of 20th January 1873, by Weis and Schultze for the sale of the land in question to the St. Mary's Coal Company, was in their individual names, without any reference to their acting as a partnership or anything to show that they held their interest in the-lands as partners, and the surviving partner cannot be allowed to change that condition by parol evidence so as to affect the rights of any creditors who on the faith of it have obtained a lien either upon that interest itself or upon the proceeds of it in money.

> Decree reversed, and it is now ordered and decreed that the fund in court, less the costs in the court below and this court, be paid to Sarah S. Geddes, executrix of the last will and testament of Henry Sproul, deceased.