| | |
|---|---|
| 43 | 863 |
| 47 | 904 |
| 47 | 910 |
| 43 | 863 |
| 50 | 977 |
| 43 | 863 |
| f120 | 220 |
| 43 | 863 |
| 125 | 557 |

## No. 1243.

### LIZZIE E. WALKER ET AL. vs. S. L. BARROW ET AL.

#### ON MOTION TO DISMISS.

The Supreme Court has jurisdiction over a partition suit in which the alleged value of the property sought to be partitioned and the amount of rents claimed by the plaintiff, together, exceed $2000.

#### ON THE MERITS.

The rule that a deed conveying land to several persons by name and not stating the interest devised to each, necessarily conveys to them a joint title, does not obtain where the proof shows the proportion contributed by each, in the formation of the sum paid as the purchase price; such contribution fixes the proportion of the ownership.

In cases of partition in real estate, not susceptible of a convenient division in kind, where improvements have been placed on the land by one of the joint owners, the proper way of ascertaining the relative value of *both*, is to have them separately appraised, before the sale, to operate a *rentilation* of the proceeds, which are then distributed ratably.

APPEAL from the Fourth District Court, for the Parish of Jackson. *Wear, J.*

*Graham & Holstead* for Plaintiff and Appellant:

A deed conveying land to several persons by name and not stating the interest devised to each, necessarily conveys to them a joint title. Bouvier's Law Dictionary, p. 673, Tit. Joint.

The validity and effect of contracts are to be determined by the law of the place where made. C. P., Art. 10; C. P., Art. 13; 12 An. 489, 199, 24; An. 363; 10 An. 415.

The usufructuary is not entitled to recover taxes paid on property, subject to the usufruct, or for improvements made thereon. C. C 578 and 594.

One co-proprietor can not erect improvements on the common property, without the consent of the other joint owners, and compel the latter to pay therefor. 10 An. 265; 26 An. 255; 23 An. 502.

The husband of Mrs. Barrow, who made the improvements, being without title, could not recover for the improvements, and his wife can not recover a community debt. C. C. 503, 3452, 3453; C. P., Art. 107; 9 An. 12.

*Fred. W. Price* for Defendant and Appellee:

#### ON MOTION TO DISMISS.

1. The appellate jurisdiction of the Supreme Court of Louisiana, in civil cases, extends only to cases in which the matter in dispute or the funds to be distributed, whatever the amount claimed, shall exceed two thousand dollars exclusive of interest, and to suits for divorce, etc. Const. 1879, Art. 81.
2. The fund to be distributed in partition suits is the value of the property in contest; and if that value is alleged by plaintiff (as in this case) they can not be heard to dispute their judicial allegations or withdraw them. 35 An. 19; 34 An. 1063 and 1066; 29 An. 326; 28 An. 935; 21 An. 487. On Estoppel see 31 An. 82; 7 An. 458; 6 M. 280; 11 An. 710; 4 An. 416; 5 An. 18; 21 An. 82; 38 An. 528; Gray vs. Gray.

#### ON THE MERITS.

1. Contracts made in one State to be performed in another are to be governed by the law of the place of performance as to validity, nature, obligation and interpretation. C. C., Art. 10; American and English Encyclopedia of Law, vol. 3, pp. 561-570.
2. The *Lex Loci Rei Sitæ* governs as to all transfers of real estate. United States vs. Crosby, 7 Or. (U. S.) 115; American and Eng. En. of Law, p. 563; 3 La. An. 418.
3. No prescription applies between parties setting up counter claims against each other, and the rule "*quæ temporatio sunt ad agendum,*" etc., applies for defendant's benefit in this case. 17 An. 246.
4. Appellant and appellee only affected by appeal. 20 An. 121.

---

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

BERMUDEZ, C. J. This is a partition suit on which a claim for rent has been engrafted.

The plaintiff, Mrs. Oxford, claims to be the owner, to the extent of one-fifth thereof, of 840 acres of improved land, in common with her two brothers, and her sister and her mother, who each owns a like proportion.

She claims rents of the property from her mother, from the time of her marriage, in the fall of 1883, with James M. Barrow.

The defense is, that plaintiff is owner of one-eighth *only*, and not entitled to any rent. Various counter claims are set up against her.

A judgment was rendered below, on the issues presented by the parties, which has satisfied neither of them.

The plaintiff has appealed from that judgment, and the defendant, Mrs. Barrow, after moving to dismiss the appeal, has prayed for an amendment of it, in several respects.

The motion to dismiss is based on the ground of want of jurisdiction *ratione materiae.*

It is without foundation.

The property, the partition of which is sought, is valued at $1900, although appraised in an inventory found in the record at $2100; and the claim for rent, during about seven years at $150, aggregates some $1050, if not more.

This court is surely competent to pass upon the merits of a controversy involving such matters.

The motion to dismiss is denied.

## ON THE MERITS.

### I.

The plaintiff claims to be the owner of one undivided fifth of certain 840 acres of improved land in the parish of Jackson, in this State, by virtue of a purchase made thereof, on the 19th day of January, 1881, by her mother, then the widow of D. F. Walker (plaintiff's father), from W. J. Lawson, of Georgia, for the price, paid cash, and received by vendor, of twenty-three hundred dollars ($2300), the purchaser buying "in her own right and for her four children" (named in the deed, among whom the plaintiff).

The act is silent as to the proportion in which the property purchased is to accrue to and vest in Mrs. Walker and her children.

It is upon this circumstance that the plaintiff grounds herself, to claim that the property has passed by *fifths*, contending that the law is, that a deed conveying land to several persons, by name, and not stating the interest devised to each, necessarily conveys to them a joint title. On the other hand, Mrs. Walker, now Mrs. Barrow, contends that, though true it be that the deed is thus silent, the fact and the truth are, that her interest is *one-half*, and that of her four children jointly is alike. She says that, at the time of the purchase, she had in hand the amount paid, $2300, comprised as follows: $1200, balance of $1500 which she had received in Georgia in 1873, the day previous to her husband's death, and $1100 which she owned before her marriage with him, and had preserved.

There can be no doubt that she had the $2300 at the time of the purchase, for the vendor acknowledged receipt, and the act or deed on which plaintiff relies and can not contradict, conclusively establishes that important fact.

Besides, there is corroborating proof of the truth of the assertion.

Strictly, Mrs. Walker had no right, her children being minors at

55*

the time, to invest the money coming to them from their father, the way she did, in the property in question. She was liable to them for it; and, at the proper time and under proper circumstances, they could have called on her to account and to pay them their respective share therein.

Be this as it may, she invested it in the property, and they all have ratified the investment, *conspicuously* the plaintiff, who asserts a title to an undivided share of the same..

One thing is certain, and it is, that they together can not claim more than the $1200 invested have acquired; for the balance of the price was not paid out of any money coming from Mr. Walker, or his estate, but with money the individual property of Mrs. Walker.

The $1500 received did not accrue to the children exclusively, but to them and to their mother—whether she claimed *dower* or a *child's share*, under the laws of Georgia. The least she could have claimed would have been one-fifth—an heir's portion.

Conceding that the $300 wanting, which were spent to minister unto common necessities, were chargeable to the children and their mother ratably, then Mrs. Walker's share in the rest would have been, on the basis of one-fifth, $240, which, added to her $1100, would raise the amount individually owned by her to $1340. This would entitle her to a proportion larger than the half which she claims, and with which she appears content.

The other three children seem to be satisfied with the correctness of their mother's claim; for they have compromised with her on the basis of one-eighth to each of them, by consenting to accept 105 acres each of the 840 acres in question.

This applies even to D. F. Walker (son), in whose name this suit was originally brought, but who, subsequent to its institution, has authorized a settlement with his mother on that basis. This is admittedly the fact, as is acknowledged by counsel for plaintiff, Mrs. Oxford, in their brief in her behalf.

## II.

The claim of the plaintiff for her share in the rents and revenues of the property at $150 *per annum*, is inadmissible, for the reason that she has enjoyed the property herself in the proportion of one-fourth of the half, or one-eighth of the whole, during five years, and that the demand for the surplus is barred by prescription, which is set up by Mrs. Barrow.

III.

"On the other hand, the counter claims of the latter against the plaintiff as her share in the various amounts stated, and which it would be onerous and useless to specify in detail, for board and maintenance, for store accounts, clothing, travelling, wedding outfit, etc., can not be allowed, even if not barred by the prescription pleaded— for the double reason, that, under the law, she *owed* support and maintenance to her children, and that the proof shows that she received more than the equivalent of the same, in the shape of services of her children, who have, to a considerable extent, supported themselves, as soon as they were able to do so.

The claim for taxes and keeping in repair is not allowable.

The defendant had the possession and enjoyment of the property, as though usufructuary, and not being liable for rent, was chargeable for the taxes and keeping in order.

IV.

The claim for the improvements said to have been put upon the land by the defendant can not be countenanced, even pretermitting the question of her right of suing therefor, when the claim, if any, could only be asserted by the community.

She had no right to improve the land without the consent of her co-proprietors, and she can not claim the value of the buildings, etc., in this way, even if her co-proprietors, instead of requiring their removal, insisted on retaining the same.

In cases of this description, where the land and improvements are not owned in common exclusively by the same persons, but buildings, etc., have been placed on the land by one of the owners, and a partition is necessary (the property not being susceptible of a convenient division in kind), the proper course to pursue is to have the land and buildings appraised separately, to operate a "*ventilation*" of the proceeds of sale, the same to be distributed in relative proportion to the valuations.

The judgment appealed from recognized title in plaintiff to the extent of one-eighth of the whole, and of Mrs. Walker-Barrow, of one-half, and directed a partition by sale of the property; but it adjudged further, in different other ways, against the plaintiff, which it would be cumbersome and unprofitable to mention, and which do not fully accord with the views just announced.

It is therefore ordered and decreed that the judgment appealed from, as far as it establishes the proportion of co-ownership between the plaintiff, Mrs. Oxford, and the defendant, Mrs. Barrow, to be one-eighth in the former and one-half, or four-eighths, in the latter, and directs a partition by public sale of the property held in common be affirmed, and that in other respects it be reversed; and it is now adjudged that the demand of plaintiff for rent, and the various counter claims of the defendant, be rejected; the costs of the lower court and those on appeal to be borne equally by the appellant and appellee.