## Jacob Stover, Appellant, *v.* Isaac S. Stover.

*Partnership—Real estate—Tenants in common.*

When two or more partners take title to land as tenants in common, the presumption arising from the deed is that they hold as tenants in common in equal shares. As between themselves the deed is not conclusive, but they hold in accordance with the facts. As to purchasers and creditors they hold in accordance with the recorded title.

If real estate is purchased with partnership funds and for partnership purposes the general rule is that it is thereby made partnership assets; but as to purchasers and creditors the deed will control, as the parties will be presumed to have put their title on record in accordance with the facts, and those who deal with them have a right to act upon this presumption. When it comes to a question of distribution of the proceeds of a sale of land so held, the individual creditor of a cotenant will have priority over the firm, claiming by virtue of its title, and in contradiction of the deed.

Where one of two partners purchases land with partnership assets, and causes the deed to be made to the two partners as tenants in common, an individual judgment creditor of the other partner will be entitled to priority in the distribution of the proceeds of the land over a claim of the first partner for a balance due from his copartner in a final accounting.

Argued Feb. 8, 1897. Appeal, No. 192, Jan. T., 1896, by plaintiff, from decree of C. P. Bucks County, Sept. T., 1888, No. 1, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Exceptions to auditor's report.

A bill in equity was filed praying for an accounting between partners, and for partition of real estate, the title to which was held by them as tenants in common.

The case was referred to a master who found that the defendant was indebted to the plaintiff in the sum of four thousand dollars. The court directed that the real estate should be sold, and Nathan C. James, Esq., was appointed auditor to make distribution of proceeds of sale of the real estate. The plaintiff claimed the fund because the land had been bought with partnership money and, therefore, the fund was partnership assets to which he was entitled as a creditor of the firm. Christian Myers, executor, also claimed the fund as a judgment creditor of the defendant. The auditor awarded the fund to the judgment creditor.

The facts appear by the opinion of the Supreme Court.

Exceptions to the auditor's report were overruled in an opinion by YERKES, J.

*Errors assigned* were in dismissing exceptions to auditor's report.

*E. O. Michener*, with him *Hugh C. Stover*, for appellant, confined his argument solely to the question of lis pendens and the effect of the Act of June 15, 1871, P. L. 387.

*Henry Lear*, with him *E. Wesley Keeler*, for appellee.—The partners, Isaac and Jacob Stover, having taken title to the real estate in question as tenants in common, determined its character unalterably, and no notice either actual or constructive could change it: Ebbert's App., 70 Pa. 79; Appeal of Second Nat. Bank of Titusville, 83 Pa. 203; Warriner v. Mitchell, 128 Pa. 153; Lefevre's App., 69 Pa. 122; Brown's App., 91 Pa. 485; Green v. Rick, 121 Pa. 130; 2 Pomeroy's Equity, sec. 637; Hammond v. Paxton, 58 Mich. 393; Bispham's Equity, sec. 274; Wattson v. Dowling, 26 Cal. 127; 13 Am. & Eng. Ency. of Law, 900; Parks v. Jackson, 11 Wend. 442; Gibler v. Trimble, 14 Ohio, 323; Clarkson v. Morgan, 6 B. Mon. 441; Fogarty v. Sparks, 22 Cal. 142; Irvin v. Smith, 17 Ohio, 226; Houston v. Timmerman, 4 L. R. A. 716; Green v. Rick, 2 L. R. A. 48; Wade on Notice, sec. 360.

OPINION BY MR. JUSTICE WILLIAMS, March 22, 1897:

In April, 1864, the plaintiff and defendant entered into a verbal contract of copartnership. This partnership was dis-

solved in April, 1879. During its continuance, the partners purchased several parcels of real estate and took title thereto as tenants in common. These deeds were duly recorded soon after the lands were purchased. In 1888 the plaintiff filed a bill praying for an account of the partnership transactions and a partition of the land so held by the partners as tenants in common. The defendant did not deny any of the allegations of the bill except that which charged that he was indebted to the firm. The account was taken and a balance of over $4,000 was found due from the defendant, and for want of any evidence showing how the real estate could be divided, a sale of it was recommended by the master, and made under the direction of the court. The proceeds of this sale were referred to an auditor for distribution. The rival claimants before the court below and in this court are the plaintiff whose claim rests on the decree showing the defendant to be indebted to the firm and the land to be as between the parties partnership assets, and a judgment creditor of the defendant whose judgment was originally entered on April 7, 1885, but was not revived until April 10, 1891. The position of the plaintiff is that if it be conceded that the creditor had priority over him by virtue of his judgment entered in 1885, yet this priority was lost by the failure to revive within five years; and his claim under the decree of February, 1892, took precedence because the pendency of the cause in equity resulting in that decree was notice of the plaintiff's demands as a lis pendens. The judgment creditor replied that this pendency of the lis was not notice because it was not indexed as required by the Act of June 15, 1871, P. L. 387; and because his status depended not upon the lien of his judgment, but upon his position as a creditor who became such after the recording of the several deeds in which Isaac S. Stover appeared as a tenant in common with Jacob Stover, the plaintiff. The learned auditor and the court below appear to have sustained the contention of the creditor on both grounds. We are not ready at present to adopt the view of the learned court as to the effect of the act of 1871. It is not necessary to the decision of this case. The phraseology of the act is somewhat peculiar, and we prefer to consider this question when it becomes necessary to do so, and not until then.

The case was well decided upon the other ground. It is

settled that when two or more persons who are partners take title to land as tenants in common, the presumption arising from the deed is that they hold the title as tenants in common in equal shares. As between themselves, the deed is not conclusive, but they hold in accordance with the facts. As to purchasers and creditors, they hold in accordance with the recorded title: Ebbert's Appeal, 70 Pa. 79. Taking and recording a deed as tenants in common gives character to the title of the several holders upon which the public may safely rely. They are bound to take notice of what appears upon the records, and they have a right to act upon the faith of what they find there. Between the partners themselves the records cannot mislead, nor can they change the fact. If real estate is purchased with partnership funds and for partnership purposes the general rule is that it is thereby made partnership assets: Meason v. Kaine, 63 Pa. 335; Warriner v. Mitchell, 128 Pa. 153; Collner v. Greig, 137 Pa. 606; Hayes et al. v. Treat et al., Trustees, heard in October last, 178 Pa. 310. But it is equally well settled that as to purchasers and creditors the deed will control: Ebbert's Appeal, supra. Appeal of the Second National Bank of Titusville, 83 Pa. 203; Geddes's Appeal, 84 Pa. 482; for the parties will be presumed to have put their title on record in accordance with the fact, and those who deal with them have a right to act upon this presumption. When it comes to a question of distribution of the proceeds of a sale of land so held, the individual creditor of a cotenant will have priority over the firm, claiming by virtue of its title and in contradiction of the deed. The plaintiff in this case is responsible for the manner in which the deed was taken and recorded. He gave his brother credit thereby as half owner of these lands as a tenant in common, and as to one who acted upon his assurance, and extended credit to him, it would be inequitable now to permit the plaintiff to deny his brother's title. It is not as between him and the creditor a question of lien but a question of good conscience. If a loss must be suffered by one of them, upon which of them ought it to fall? Clearly upon that one whose conduct has made the loss possible. After having induced the appellant to trust his brother by representing him to be a half owner in these lands, he ought to be held estopped from now denying his brother's title, or asserting it to

be less than, or different from, what the deed represented it as being.

This ground of decision fully justifies the decree made by the court below, and we prefer to place our affirmance of that decree upon this distinct ground.

The assignments of error are overruled and the decree affirmed.