## Jenkins *v.* Rush Brook Coal Company, Appellant.

*Set-off—Contract—Tort.*

In an action of assumpsit on substantially a contract for services, the defendant cannot set off the money value of real estate and stocks, belonging to defendant, but which plaintiff while in defendant's service had fraudulently taken title to in his own name, and which at the time of the suit were in his possession, without having been converted into money.

A set-off claimed by a defendant for which assumpsit will not lie by him against plaintiff, is not a proper subject of set-off in his favor when plaintiff sues him in assumpsit.

Argued Feb. 24, 1903.  Appeal, No. 314, Jan. T., 1902, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1899, No. 345, sustaining exceptions to report of referee in case of John S. Jenkins v. Rush Brook Coal Company.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Assumpsit on a contract for services.

Exceptions to report of Charles L. Hauley, Esq., Referee.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to report of referee.

*S. B. Price* and *A. Ricketts*, for appellants.

*Everett Warren* and *H. M. Hannah*, for appellee.

PER CURIAM, March 9, 1903 :

Out of the seventeen assignments of error preferred here and pressed in the argument of appellant's counsel, the only one that caused us to hesitate in affirming the decree of the court

below is the fourth, which complains that the court erred in overruling the report of the referee allowing defendant's claim of set-off. The referee found that plaintiff had established by proper proof a claim of $7,468.62, but that defendant had established a set-off of $22,050; this wiped out plaintiff's demand and after a computation of interest left a balance in favor of defendant of $22,880.61. Without undertaking to deny the satisfactory character of the evidence to establish these respective amounts, the court is of opinion, from the character of it, that in law this set-off cannot be sustained in this proceeding. Apparently it ought to be allowed unless flatly against well established precedent; the court below was of opinion that precedent effectually barred the set-off. And so, after a very careful examination of the authorities, we find it does.

By our defalcation act of 1705, the defendant in any action or contract was authorized to plead payment and give any bond, bill, receipt, account or bargain in evidence. This action was assumpsit by plaintiff on substantially a contract for services. The defendant adduced evidence tending to show that plaintiff while in its service had fraudulently taken title in his own name to real estate and to stocks in his own name and was in possession of the same, which in fact belonged to his employer. The referee undertook to fix a value upon the real estate and stocks so taken and then set off that value in favor of defendant. It will be noticed from the evidence, that plaintiff was still the owner of the real estate and still was in possession of the stocks. He had converted neither into money for his own use. His posssession then was tortious. We have examined carefully the many cases cited by the court below, and they uninterruptedly hold, in substance, that a set-off claimed by a defendant, for which assumpsit would not lie by him against plaintiff is not a proper subject of set-off in his favor when plaintiff sues him in assumpsit, and that assumpsit can only be maintained on a contract express or implied. This is the sum of the many authorities, under our defalcation act given in Ahl v. Rhoads, 84 Pa. 319. The defendant has its remedy, either in an action for damages for the tort, or in equity to compel a transfer of its property. There is no such merit in the other assignments as warrants discussion. They are all overruled and judgment is affirmed on the opinion of the court below.