WILLIAM ABEGG, Administrator of the Estate of WILLIAM HIRST, Deceased, ETTA STRAWN, LOU WATTERS and D. F. WITTEMYER, Appellants, v. JOHN HIRST, JAMES HIRST and MATTIE KIRKPATRICK.

Gifts: HUSBAND AND WIFE: EVIDENCE. In this action a husband purchased a note and mortgage with his own funds and had them assigned to himself and wife jointly, retaining the possession

during his lifetime and collecting the interest apparently in his own right. *Held,* that the transaction was sufficient to show a gift to the wife of a one-half interest in the note and mortgage.

*Appeal from Wapello District Court.*—Hon. M. A. ROB-ERTS, Judge.

THURSDAY, OCTOBER 21, 1909.

THE plaintiff William Abegg, as administrator of the estate of William Hirst, deceased, reported as the property of the estate a one-half interest in a note and mortgage, which had been purchased with decedent's money during his lifetime, and assigned in writing to "William and Jane Hirst," who were the decedent and his wife, then living. Defendants, as heirs of William Hirst, objected to this report, on the ground that no interest passed to Jane Hirst by this assignment, and that her estate (on her death after the death of her husband) was entitled to only a one-third interest, as in the other property left by her husband. The court sustained this objection, and the co-plaintiffs, with Abegg, who are heirs of the wife, and interested only in her estate, appeal from this ruling.—*Reversed.*

*Cornell & Gillies, A. W. Enoch* and *W. A. Blagg,* for appellants.

*W. W. Epps,* for appellees.

McCLAIN, J.—It appears without conflict in the evidence that William Hirst, during his lifetime, purchased from William Abegg, his banker, who is now administrator of his estate, a note and mortgage of one McMillen for $2,862, and that by the direction of Hirst this note and mortgage were by Abegg formally assigned "to William and Jane Hirst." The money paid for the note and mortgage

was the money of William Hirst, and the assignment was made in this form because, as William Hirst stated to Abegg, "That is what we have to live on." The note and mortgage, with this assignment indorsed thereon, were delivered to William Hirst, and retained in his possession until his death. While he lived the interest was paid to him at his request. There is no evidence that Jane Hirst had any knowledge of the transaction with Abegg, or of the possession by her husband of the note and mortgage thus assigned to him and her jointly. The sole question, therefore, is whether the assignment of the note and mortgage to William Hirst and his wife jointly, and the delivery of the instruments to him, and the subsequent retention thereof in his possession during his lifetime, accompanied by the collection of interest thereon apparently in his own right, show a gift of a one-half interest therein to the wife.

It is not contended that the wife, as survivor, became entitled to the entire interest in the note and mortgage. By our statute (Code, Section 2923) a conveyance of real estate to two or more in their own right creates a tenancy in common, unless a contrary intent is expressed. Whether this rule should be applied also to transfers of personal property we have no occasion now to determine. The sufficiency of the acts of the owner of personal property, who expresses an intention to make a gift thereof, to show a consummation of such gift so as to pass present title has often been the subject of controversy in this and in other courts, but there are peculiarities of this case which take it out of the rules usually announced as determining the consummation of the gift. The note and mortgage, although procured with the money of William Hirst, were by his direction assigned to himself and wife, and this assignment indicated, we think, an intention that his wife should have in her own right an interest therein. Had the assignment been to the wife, accompanied by delivery to a trustee to hold for the wife until her husband's death, collecting the

interest in the meantime for the benefit of William Hirst, there would have been no doubt as to the complete consummation of the gift; for knowledge of such a gift, purely beneficial, need not be shown to have been brought home to 'the donee during the lifetime of the donor, and it ·is immaterial that there is a postponement of the time of enjoyment of the property until after the donor's death. *Hogan v. Sullivan,* ·114 Iowa, 456; *Larimer v. Beardsley,* 130 Iowa, 706. And the donor may have himself constituted the trustee of the property for the donee. ' *Tallman v. Cooke,* 39 Iowa, 402; *Newton v. Bealer,* 41 Iowa, 334; *Arrington v. Arrington,* 114 N. C. 116 (19 S. E. 278).

The general rule announced by the cases is that, where something remains to be done in carrying out the donor's intent, no matter how unequivocal the intent itself may be, the gift is not complete; for so long as the contemplated action is not taken, it is to be presumed that the donor intends to retain the title. But here nothing remained for him to do. The assignment was absolute and unconditional. He, as one of the joint assignees, was entitled to the possession of the instruments. His possession thereof was not in any way inconsistent with the complete vesting of title to an one-half interest in his wife, for delivery to either one in pursuance of the assignment was a complete execution of such assignment. From the time of the delivery to him of the instruments the transaction vesting title thereto in common in himself and wife was complete. The title of his wife's half interest did not come to her through him, but came to her directly by his procurement from the assignor. There was no occasion for him to deliver the instrument to his wife in order to perfect a transfer of such interests as she acquired directly from the assignor by the assignment. The delivery by the assignor to complete the assignment was sufficient. *McElroy v. Albany Sav. Bk.,* 8 App. Div. 46 (40 N. Y. Supp. 422); *Sanford v. Sanford,* 45 N. Y. 723. The case of *In re Brown's Estate,* 113

Iowa, 351, seems to be quite in point. There the question was whether the wife of the donor acquired any interest in certificates of deposit taken by him in a bank, and made payable to himself and wife, and the court held that by such a transaction the wife acquired an one-half interest, although no delivery of the certificates to her as her own was ever made.

We reach the conclusion that the court erred in holding that an one-half interest in the note and mortgage did not vest in Jane Hirst, and in sustaining the objection to the administrator's report, in which William Hirst's estate was credited with only one-half of the amount of the note and mortgage.—*Reversed.*