DEMMON LOWELL, Appellee, v. WARREN LOWELL, Appellant.

DEEDS: Presumptions Attending Joint Conveyance. The presump-
1 tion that joint grantees in a deed to land take *equal* interest is overthrown by a showing that such grantees paid *unequal* portions of the purchase price.

ESTOPPEL: Estoppel to Deny Presumption. The fact that two
2 joint grantees of land shared equally in the proceeds of their joint labor in the operation of the farm, does not necessarily estop one grantee from insisting that he owns more than one half of the land, because of having paid more than one half of the purchase price.

*Appeal from Buchanan District Court.*—CHAS. W. MULLAN,
Judge.

FEBRUARY 18, 1919.

SUIT in equity for the partition of real estate.—*Affirmed.*

*Edwards, Longley, Ransier & Smith, J. C. Murtagh,* and *R. W. Hasner,* for appellant.

*Cook & Cook,* for appellee.

STEVENS, J.—Nelson Lowell died in 1887, seized of 160 acres of land. He was survived by Jane Lowell, his widow, and six children, two of whom are the parties to this litigation. Forty-five acres were set off to the widow so as to include the improvements. Jane Lowell became executrix of the estate, and, as such, sold the farm to the parties hereto, except the portion set off to her, for $3,625, the appraised value thereof. At the time of his death, Nelson Lowell was indebted to plaintiff upon a note for $580. After her appointment as executrix, Jane Lowell executed her own note to plaintiff, to take the place of the $580 note. She filed a claim against the estate for the amount of the note, together with another item, and a special administrator was appointed, and the claim allowed in her name. Plaintiff at first purchased the land for himself, and a deed was made out accordingly; but later, the defendant desiring to share therein, his name was inserted also.

*1. DEEDS: presumptions attending joint conveyance.*

Plaintiff and defendant worked together, farming the land in question, with other land, until after the death of Jane Lowell. The income derived from their joint operations was treated as partnership property, and used in the payment of expenses, taxes, and improvements on the land in question, and what remained when they dissolved was divided equally.

After the death of Jane Lowell, plaintiff brought this suit for the partition of the entire tract, alleging in his

petition that he is the owner of 18/29 and defendant 11/29 thereof. The interest of the parties was not designated in the deed, but plaintiff claims to have paid $871.75 more of the purchase price than the defendant, and this forms the basis of his claim to an undivided 18/29 of the land. Counsel for appellant argue vigorously that plaintiff failed to establish his claim that he paid more of the consideration than the defendant. One thousand dollars was borrowed jointly by the parties, and applied on the purchase price of the land. Some of the heirs receipted to the executrix for the amount due them, but were later paid by the purchasers.

Mrs. Lowell was allowed $107 for services as executrix, and inherited the share of a deceased daughter, but allowed it all to be credited upon the purchase price. It appears to be conceded that the balance was paid jointly by plaintiff and defendant, except the disputed item of $871.75. While the defendant professed ignorance of the fact that Nelson Lowell was indebted to plaintiff, and that he had demanded payment thereof from the estate, the evidence is quite clear that the mother took up the Nelson Lowell note and gave her note therefor, and that the claim allowed her included the amount thereof, and that same was paid by plaintiff by crediting him therewith on the purchase price. No evidence was offered from which it could be inferred that she paid the note executed by her in any other way than as claimed by plaintiff. He gave her a receipt for the amount, and same was attached to the report of sale.

The defendant's testimony was indefinite and uncertain throughout. He did not remember that his mother contributed to the purchase price, nor was he able to state definitely how the same was paid. Two of his sisters testified that they had never known of plaintiff's claim against the estate, or that he claimed to own more than a one-half

interest in the land; whereas plaintiff testified that the matter was talked over in the family, and was well under-stood by them.    The plaintiff is corroborated as to the amount paid by him by the testimony of the attorney for the executrix.    It is conceded that plaintiff and defendant worked together, and jointly paid the expenses of conduct-ing the farm, and of such improvements as were made thereon, together with the taxes, and that they shared equal-ly in the profits growing out of the business.    It also ap-pears that plaintiff, at one time, gave a mortgage in which his interest in the land was described as an undivided one half, and that he similarly leased the same to his brother; but defendant knew, at the time the lease was executed, that plaintiff claimed he paid more than one half the pur-chase price.    We are abidingly satisfied, from a careful ex-amination of the record, that the consideration for the land was paid in the proportion alleged by plaintiff; and we have now to determine the effect thereof.

Where a conveyance to purchasers of a tenancy in common is silent, they are presumed to take equal shares. *In re McConnell,* 197 Fed. 438; *Burkhardt v. Burkhardt,* 107 Iowa 369; *Bàder v. Dyer,* 106 Iowa 715; *Bittle v. Clem-ent,* (N. J.) 54 Atl. 138; *Cage v. Tucker's Heirs,* 14 Tex. Civ. App. 316 (37 S. W. 180) ; *Walker v. Barrow (Oxford v. Barrow),* 43 La. Ann. 863 (9 So. 479) ; *Stover v. Stover,* 180 Pa. 425 (36 Atl. 921).

This presumption is, however, a rebuttable one. *In re McConnell,* supra; *Oxford v. Barrow,* supra; *Stover v. Stover,* supra; *Jenkins v. Rush Brook Coal Co.,* 205 Pa. 166 (54 Atl. 715) ; *Cage v. Tucker's Heirs,* supra.

It is also true that, if two or more persons advance the purchase price, and the deed is taken in the name of one only, a trust will result in favor of the others in propor-tion to the part paid. *Culp v. Price,* 107 Iowa 133; *Mc-Clenahan v. Stevenson,* 118 Iowa 106; *Johnson v. Foust,*

158 Iowa 195; *Shelangowski v. Schrack*, 162 Iowa 176.

But counsel for appellant seek to distinguish the case at bar from cases in which a resulting trust was declared.

"The theory of the resulting trust is that he who supplies the purchase money intends it to be for his own benefit, and not for that of another, and that the conveyance is taken in the name of another as a matter of convenience or arrangement between them." *Culp v. Price*, supra.

In the case at bar, the deed conveyed the land jointly, without designating the share of each, giving rise to the presumption that they intended to take equal shares. This presumption, being a rebuttable one, upon proof that they contributed unequally to the purchase price, was, in the absence of further proof, overcome, and another presumption arose: that is, that they intended to share in proportion to the amount contributed by each to the purchase price. *In re McConnell*, supra; *Cage v. Tucker's Heirs*, supra; 38 Cyc. 74.

*Bittle v. Clement*, (N. J.) 54 Atl. 138, is quite similar in its facts to the case at bar. In that case, the court said:

"There was no agreement between Daniel and Benjamin [the brothers named as grantees in the deed] as to their several interests in the purchase, nor any agreement whereby the one who contributed the most agreed that the other should equally share with him in the purchase. In such cases, unless the parties stand to each other in the relation of parent and child, or husband and wife, the law raises a presumption called a 'resulting trust,' whereby each party holds a share in the property purchased according to his contribution to the purchase money. * * * The payment of the proportionate shares of the purchase money by the several parties being established beyond dispute, a resulting trust, assigning to each a quantity of interest in proportion to his payment, arose, and should have effect, unless some definite act of the parties is proven which es-

tablishes by equally forceful evidence some change in their relations to the property, whereby each was to hold a different share."

Counsel for appellant relies upon *Burkhardt v. Burkhardt*, 107 Iowa 369; but this case is not controlling. In the case referred to, plaintiff and his wife entered into an agreement in writing to support, maintain, and take care of the wife's mother, so long as she should live, in consideration of which, the latter conveyed certain real estate to the wife. Some time after this transaction, she became insane, and was unable to render further services under the contract; but plaintiff claims to have carried out the contract according to its terms. He asked in his petition that he be decreed to be the absolute owner of the property; and the court, in the course of the opinion, gave some consideration to the question of resulting trusts, but finally held that, as plaintiff was a party to the transaction, and fully consented that the land, which was to be the compensation for the services rendered, be conveyed to his wife, he was not entitled to have the deed set aside, or to claim the property absolutely.

Whether the doctrine of a resulting trust is applied to the case at bar, or the presumed intention of the purchasers to share in the land in proportion to the separate amounts contributed to the purchase price is allowed to prevail, the result must be the same. They will share in proportion to the amount of the price paid by each.

Counsel for appellant also relies upon an estoppel; but the argument in support thereof is not persuasive. While it is true that the brothers shared equally in the proceeds derived from their farming operations, and 2. ESTOPPEL: estoppel to deny presumption. the taxes and improvements were paid out of the partnership funds, their earnings were the result of their joint labor and management, and no account appears to have been taken

of their respective interests in the land. The improvements do not appear to have been very extensive, and the evidence does not disclose that defendant was prejudiced by the plan pursued. If the testimony of plaintiff is true, the defendant knew from the beginning that plaintiff paid more than one half of the purchase price, and must have known that plaintiff intended to claim an interest in the land in proportion to the amount paid by him.

For the reasons indicated, the judgment and decree of the court below must be, and is,—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.