IN RE ESTATE OF IRVIN ANDREW MORRISON.

C. M. McFATRIDGE, Administrator, Appellee; MABEL SMITH, Intervener, Appellant; O. A. TWEEDY, Administrator, J. O. MORE, Administrator de bonis non, Claimant, W. I. MORRISON et al., Interveners, Appellees.

No. 42903.

June 21, 1935.

Miller, Everett & Miller, for appellant.

Valentine & Valentine, for appellees C. M. McFatridge and O. A. Tweedy.

W. B. Hays, for appellee J. O. More.

Fee & Milani, for appellees W. I. Morrison, W. L. Whisler, Nina Whisler, and Minnie P. Morrison.

C. W. Howell, for appellees Aliber & Co., Inc.

ALBERT, J.—I. A. (Irvin Andrew) Morrison and Amanda Morrison were husband and wife; W. R. Morrison was their son. The parents owned 240 acres of land, of which the title to 40 acres was in I. A. Morrison and the title to 200 acres was in Amanda Morrison. On the 11th of February, 1919, a warranty deed was made by I. A. Morrison to Walter R. Morrison for the 40-acre tract which stood in the grantor's name, for a recited consideration of $2,000. Amanda Morrison signed this deed. On the same date Amanda Morrison made to Walter R. Morrison a deed for the 200 acres which stood in her name, for a recited consideration of $12,000, and I. A. Morrison signed the deed. On the same day Walter R. Morrison and wife executed a promissory note for $13,000, payable to I. A. Morrison and Amanda Morrison. This note was secured by mortgage on the 240-acre tract, which named "I. A. Morrison and Amanda Morrison" as grantees. Later, in October, 1924, a new note and mortgage were made by Walter R. Morrison and wife to I. A. Morrison and Amanda Morrison, as a renewal of former indebtedness.

Irvin Andrew Morrison died testate on the 1st of January, 1925, and Amanda Morrison died intestate on the 27th day of

February, 1931. Executors and administrators were appointed in the respective estates of said parties.

The primary question here discussed is the question as to how the $13,000 mortgage and note are to be apportioned between the respective estates of Irvin Andrew Morrison and Amanda Morrison. The district court held that one-seventh in value thereof belonged to the estate of I. A. Morrison and six-sevenths to the estate of Amanda Morrison. The contention of the appellant is that this is incorrect, and that a one-half interest in said note and mortgage should go to each estate.

It is a fundamental rule that where an instrument is drawn payable to the order of two or more payees, such fact raises a presumption of joint ownership, but not of partnership, and of a coequal interest in them. See 8 C. J., p. 177, section 302. We have recognized and applied this rule in the cases of Lowell v. Lowell, 185 Iowa 508, 170 N. W. 811; In re Brown's Estate, 113 Iowa 351, 85 N. W. 617; Abbeg v. Hirst, 144 Iowa 196, 122 N. W. 838, 138 Am. St. Rep. 285. This presumption, however, is rebuttable and does not preclude proof that their interests are separate and unequal. 8 C. J., p. 177, section 302. This note and mortgage naming these two parties as payees, the presumption, in the absence of all other testimony, is that they would share equally in this property. Appellees contend, however, that, under the showing made in this record, this rule should not apply, and that they have a right to prove that their interests were not equal as a matter of fact. To show this, testimony was introduced.

The recited consideration of the respective deeds, as heretofore set out, was $2,000 and $12,000. This being true, the ratio, based on the respective valuations therefor, would be as $2,000 is to $12,000, or as one is to six; and, therefore, the I. A. Morrison estate is entitled to one-seventh and the Amanda Morrison estate to six-sevenths of said note and mortgage.

But the evidence goes further and shows the devolution of the title to the 240-acre tract. I. A. Morrison inherited the 40-acre tract from his father. He later inherited a one-third interest in the father's home farm, which he subsequently deeded to his wife, Amanda. Amanda traded this one-third interest to other parties for the 200-acre tract which stood in her name at the time of her deed to the son. It is argued, therefore, that the 200-acre tract came, in reality, from I. A. Morrison's side of the family, and that by making the note and mortgage payable to

both I. A. and Amanda Morrison (and the evidence shows that it was so made under the direction and with the consent of both I. A. and Amanda Morrison), that amounted to a gift from Amanda Morrison to I. A. Morrison of enough interest therein so that each would own one-half thereof; and we are treated to very able briefs on both the questions of gift and of implied trust. We do not see that either of these doctrines has any application to the case before us. Simply stated, the father owned 40 and the mother 200 acres of this tract of land. It seems to us that, under the record, it is immaterial how they became possessed of the land. The consideration which passed from the son to the parents (to wit, the mortgage and note) was given as the purchase price of the land, and was properly divided by the court between the sellers in the proportions as heretofore indicated.

We conclude, therefore, that the decision of the lower court was right, and the same is approved.—Affirmed.

ANDERSON, C. J., and DONEGAN, MITCHELL, KINTZINGER, PARSONS, RICHARDS, and HAMILTON, JJ., concur.