## Shrum v. Carcase.

*Practice—Trespass—Set-off—Counter-claim—Recoupment.*

1. There is in Pennsylvania no right of set-off or counter-claim in an action of trespass.

2. The defendant in an action of trespass may defeat the plaintiff's claim by proving that he himself was not guilty of negligence, or that the plaintiff contributed to causing the injury by his own negligence. If he desires to go further and recover against the plaintiff, he must bring a separate action.

3. Recoupment is the act of rebating or recouping a part of a claim upon which one is sued by means of a counter-claim arising out of the same transaction. It is a common law right and is limited to the amount of the plaintiff's claim.

4. Set-off is a counter-demand arising out of a transaction extrinsic to the plaintiff's cause of action, the object of which is to liquidate the whole or a part of the plaintiff's demand. It is a statutory remedy, and the defendant may recover any excess of his claim against the plaintiff.

5. Counter-claim is a species of set-off or recoupment, broader and more comprehensive than either, and secures the defendant the full relief of a cross-action. It is statutory and permits recovery of any excess over the claim of the plaintiff.

Shoemaker v. Myers, 30 Dist. R. 240, not followed.

Motion to strike off portions of affidavit of defence. C. P. Beaver Co., March T., 1922, No. 230.

*James L. Hogan*, for plaintiff; *Reed & Reed*, for defendant.

READER, J., July 6, 1922.—The action in this case was brought to recover damages which the plaintiff alleges he suffered through injuries to his automobile, occasioned by a collision with the defendant's automobile, which it is

2 D. & C.

claimed defendant was driving at the time of the collision in a negligent manner. The plaintiff's statement sets out the acts of the defendant which it is claimed were negligent and occasioned the collision. An affidavit of defence was filed, in which the allegations of the statement were denied generally. In addition to denying the allegations of the statement, the defendant states in his affidavit of defence his version of the accident, attributing it to the negligent operation of plaintiff's car. The defendant then avers certain damage suffered to his automobile by virtue of the collision and the alleged negligence of the plaintiff exceeding the amount of damage claimed by the plaintiff in his statement. Defendant then asks that a certificate of damages be awarded him. Following the filing of the affidavit of defence, plaintiff made a motion to strike from the record so much of the affidavit of defence as undertakes to raise the question of set-off or counter-claim on behalf of the defendant.

The general position of the plaintiff is, as stated in this motion, that no set-off or counter-claim can be set up or adjudged in an action of trespass.

The law recognizes three rights of which a defendant may avail himself by way of defence, and which are quite similar in effect. They are generally designated as recoupment, set-off and counter-claim. They are defined and distinguished as follows:

"*Recoupment* is the act of rebating or recouping a part of a claim upon which one is sued by means of a legal or equitable right resulting from a counter-claim arising out of the same transaction:" 34 Cyc., 623.

"A *set-off* is a counter-demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action, the object of which is to liquidate the whole or a part of plaintiff's demand, according to the amount of the set-off, and, like the modern recoupment, is in the nature of a cross-action:" 34 Cyc., 625.

"A *counter-claim* is a claim presented by a defendant in opposition to or deduction from the claim of plaintiff. A species of set-off or recoupment introduced by the codes of civil procedure in several of the states, of a broad and liberal character, and embraces, as a general rule, both recoupment and set-off, although broader and more comprehensive than either, and secures to defendant the full relief which a separate action at law, or a bill in chancery, or a cross-bill, would have secured him on the same state of facts, being substantially a cross-action by defendant against plaintiff:" 34 Cyc., 629.

Recoupment is of common law origin. Set-off and counter-claim are purely creatures of statute. Recoupment must grow out of the same transaction that gives rise to the plaintiff's claim, while both set-off and counter-claim may embrace matters extrinsic to the subject-matter of the plaintiff's claim. Recoupment is limited to the amount of plaintiff's claim, and goes only to the extent of defeating that claim. In both set-off and counter-claim the defendant may recover any excess in his favor.

Set-off and counter-claim, being statutory in origin and character, depend upon the provisions of the statutes of the various jurisdictions. Whether the defendant in the case now before the court can maintain his claim for damages growing out of the accident involved, and not only defeat the claim of the plaintiff, but recover over against the plaintiff for any excess, depends upon the provisions of the Pennsylvania statutes.

The Act of Jan. 12, 1705, 1 Sm. Laws, 49, 1 Stewart's Purdon, 1204, is the first legislation of the State upon the subject. It antedated the English legislation on the same subject by twenty-four years, and is still in force. Section 1 of the act provides as follows:

"Section 1. If two or more dealing together be indebted to each other upon bonds, bills, bargains, promises, accounts or the like, and one of them commence an action in any court of this province, if the defendant cannot gainsay the deed, bargain or assumption upon which he is sued, it shall be lawful for such defendant to plead payment of all or part of the debt or sum demanded, and give any bond, bill, receipt, account or bargain in evidence; and if it shall appear that the defendant hath fully paid or satisfied the debt or sum demanded, the jury shall find for the defendant, and judgment shall be entered, that the plaintiff shall take nothing by his writ and shall pay the costs. And if it shall appear that any part of the sum demanded be paid, then so much as is found to be paid shall be defalked, and the plaintiff shall have judgment for the residue only, with costs of suit. But if it appear to the jury that the plaintiff is overpaid, then they shall give in their verdict for the defendant, and withal certify to the court how much they find the plaintiff to be indebted or in arrear to the defendant, more than will answer the debt or sum demanded, and the sum or sums so certified shall be recorded with the verdict, and shall be deemed as a debt of record (and if the plaintiff refuse to pay the same, the defendant for recovery thereof shall have a *scire facias* against the plaintiff in the said action, and have execution for the same, with the costs of that action)."

By its terms the act is confined to actions arising out of contract, and the many decisions construing it have restricted its application to such cases. One of the leading cases under the act is that of Gogel v. Jacoby, 5 S. & R. 117. In this case Chief Justice Tilghman said: "Without undertaking, at present, to draw the line which limits the right of defalcation, it may be safely affirmed that defalcation is not permitted by reason of any demand against the plaintiff for an act done by him of a tortious nature."

In the case of Heck v. Shener, 4 S. & R. 248, Chief Justice Tilghman said: "Our act of assembly authorizing a set-off is expressed in more extensive terms than the British statute; but it has been settled that it does not comprehend matters of a tortious nature." And in the same case Justice Duncan in his opinion said: "A set-off cannot be pleaded to any action on a tort, whether in trespass or case of replevin, where the avowry is for rent."

In the case of Hunt v. Gilmore, 59 Pa. 450, the court, after quoting the Act of 1705, says: "The construction of our courts has accordingly been more liberal, and it may be laid down as established, by a series of unshaken cases, that unliquidated damages, arising *ex contractu* from any bargain, may be given in evidence under our act. When the damages arise from a tort, they certainly cannot be allowed, and perhaps there may be cases of contract where the damages are not capable of liquidation by any known legal standard, which are not within the spirit of the act; as, for example, breach of a contract of marriage." See, also, Ahl v. Rhoads et al., 84 Pa. 319; Clark v. Cook, 14 Pa. Superior Ct. 309; Jenkins v. Rush Brook Coal Co., 205 Pa. 166; Philadelphia v. Pierson, 211 Pa. 388.

While there have at times been apparent variations in the decisions as to setting off liquidated damages, the rule above stated as to set-off in actions of tort, or of damages arising out of tort, is well established and unvaried by any later decisions.

The matter of set-off and counter-claim is also referred to and regulated by the Practice Act of May 14, 1915, P. L. 483, 6 Stewart's Purdon, 7136. Section 14 of this act is as follows: "In actions of *assumpsit*, a defendant may set off or set up by way of counter-claim against the claim of the plaintiff any right or claim for which an action of *assumpsit* would lie, and a verdict

may be rendered in his favor for the amount found to be due, and judgment entered thereon. If in any case in which the defendant sets up a counter-claim the action of plaintiff is discontinued, dismissed or a voluntary non-suit suffered, the counter-claim, nevertheless, may be proceeded with."

The express provision of this section allowing a set-off or counter-claim in actions of *assumpsit*, and the absence of any provision in the act relating to set-off or counter-claim in actions of trespass, leads to the conclusion that it was not the intention, in framing the act, to make provision for set-off or counter-claim in the latter actions.

Our attention has not been called to any other legislation in Pennsylvania in any manner affecting the question. We are, therefore, satisfied that there exists no right of set-off or counter-claim in actions of tort in this State.

There remains the question as to whether, under the common law remedy of recoupment, the position of the defendant can be sustained. As already stated, the right of recoupment goes to the extent only of defeating the action of the plaintiff, and does not permit a recovery over by the defendant against the plaintiff: 34 Cyc., 760; Henion *v.* Morton, 2 Ashmead, 150.

The principle of recoupment, therefore, even if applicable, would not permit a recovery over by the defendant in this case for the damages he alleges he suffered in excess of those claimed by the plaintiff. To the extent of defeating the plaintiff's action, however, the defendant is more fully protected by the doctrine of contributory negligence than he would be by the right of recoupment. The operation of the doctrine of contributory negligence is such that if it be shown that negligence on the part of the plaintiff contributed to any extent in causing the injury which is the foundation of his action, the action is wholly defeated, even though the defendant has suffered no damages at all. The right of recoupment would protect the defendant against the plaintiff's demand only to the extent of the damages the defendant may have suffered from the injury in question. As the right of recoupment, therefore, could not secure to the defendant a recovery over, and as it is less effectual in cases involving negligence in defeating plaintiff's action than is the principle of contributory negligence, we are of the opinion that the right of recoupment is not applicable in such cases. It is quite possible that, historically and theoretically, the rule as to contributory negligence is a development and an application of the same equitable principle that is involved in recoupment, namely, the doing of something by the plaintiff which ought, in whole or in part, to defeat his right to recover.

We have examined the case of Shoemaker *v.* Myers, 30 Dist. R. 240, but are not convinced that the right of set-off or counter-claim exists in actions of tort, so that a defendant in an action founded upon a negligent act can recover over against the plaintiff for damages he himself has suffered by such act.

The case of Heigel *v.* Willis, 3 N. Y. Supp. 497, does not support this position. It rests upon a construction of certain provisions of the New York Code, and holds that the right of counter-claim in such a case is derived from statute.

Nor do the Pennsylvania cases cited support the right of set-off or counter-claim in actions of trespass. In the case of Heck *v.* Shener, 4 S. & R. 248, the plaintiff sued to recover for services rendered as housekeeper to the defendant and for goods sold and delivered. The defence offered was that plaintiff had been unfaithful in her service, in that she had misappropriated various household articles of the defendant, her employer. The offer to prove such conduct on the part of plaintiff was rejected by the court below. In holding that it should have been admitted, Chief Justice Tilghman said: "It is contended

for the defendant that the evidence was proper, either by way of set-off or under the plea of *non-assumpsit*, as a defence against the action. As set-off, I do not think it was evidence." Considering its admissibility under the plea of *non-assumpsit*, he holds it admissible for the purpose of defeating plaintiff's action only, saying: "So, whatever be the nature of the services for which the plaintiff demands compensation, I may show that those services were ill-performed; for by such evidence, I do no more than meet the plaintiff on his own allegation; I prove that he did badly what he ought to have done well." Justice Gibson adopted the same reasoning in his opinion in the same case: "The evidence was strictly admissible under the plea of *non-assumpsit*, for it went to the consideration, which is the gist of the action."

In the case of Glennon v. Lebanon Manuf. Co., 140 Pa. 594, suit was brought by a machinist for the recovery of wages. The defence was that plaintiff had done certain work so unskillfully as to occasion damage to the plaintiff, and that this damage could be set off against the claim for wages. In holding that this evidence was admissible, the Supreme Court said: "We may concede that unliquidated damages arising from a tort growing out of a separate transaction cannot be set off in an action of *assumpsit*. This is not such a case. The plaintiff is a machinist, and was employed in defendant's machine-shop to do certain mechanical work for a compensation agreed upon. From this contract the law implies faithful service on the part of the employee, and an amount of care and skill proportioned to the character of the work which he has engaged to perform. If he perform it negligently and unskillfully, it is a breach of contract; and when the employer is sued for wages earned under the contract, he can defend by showing a failure on the part of the servant to properly perform his part, in consequence of which he has sustained damages. It is not a question of set-off or of tort; it is an equitable defence growing out of the contract itself, and going directly to its consideration."

In the latter case the Supreme Court cites a number of other cases in which a somewhat similar conclusion is reached. We have examined these as well as other cases, and in none of them have we been able to find any support for the position that set-off or counter-claim can be asserted in actions of trespass. In most of the cases we have examined the courts have admitted evidence of the character above referred to, either because they have treated the whole transaction as based upon contract, and the acts of the plaintiff sought to be proven in defence as essentially a breach of contract, or because they found the defendant entitled to the equitable defence referred to in the cases above quoted, growing out of the failure of the plaintiff to perform, and the evidence being admitted simply for the purpose and to the extent of defeating the plaintiff's claim. In the cases of the latter class the courts seem, in effect, to be applying the remedy by recoupment. In a few cases, such as Work v. Bennett, 70 Pa. 484, the defendant is allowed to reduce the amount of plaintiff's claim by reason of, and to the extent of, a lien of the defendant upon the property which is the subject-matter of the action.

In our view, the conclusion of the whole matter is that, in the present state of the law, one who is sued in an action founded upon alleged negligence may defeat the plaintiff's action either by proving that he himself was not guilty of negligence, which was the proximate cause of the injury, or that the plaintiff contributed to causing the injury by his own negligence. If he desires to go further and recover against the plaintiff the damages which he claims to have suffered in the same transaction by means of the plaintiff's negligence, he must bring a separate action against the plaintiff. Forms of action still have some significance, and one who is made a defendant in an action cannot,

2 D. & C.

without statutory authority and by his own election, reverse the situation and make himself the plaintiff.

*Order.*

Now, July 6, 1922, it is ordered, adjudged and decreed that all portions of the affidavit of defence filed in this case which undertake to state a set-off or counter-claim be stricken from the record.

From F. H. Laird, Beaver, Pa.