# CHARLESTON.

## O. R. FULKS et als. v. HATTIE FULKS

### (No. 5602)

### Submitted May 18, 1926. Decided June 1, 1926.

HUSBAND AND WIFE—*Gift by Husband to Wife of Interest in Notes Held Not Shown.*

A husband sells his land, taking from the purchasers several notes payable to himself and wife, secured by mortgage on the property, with the purpose, known to her, of applying the proceeds of the notes to the purchase price of other lands owned by him. He, accordingly, takes possession of, and retains the notes during his lifetime; collecting all but one and applying the proceeds thereof, with the knowledge of the wife, as intended, to the purchase price of his real estate. After his death the wife as administratrix of the estate, delivers to the appraisers as part of the assets the remaining note, found among his papers, and thereafter delays for several years before setting up any claim to the notes. HELD: Gift by the husband to the wife of an interest in the notes is not shown.

(Husband and Wife, 30 C. J. § 301.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Cabell County.

Suit by O. R. Fulks and others against Hattie Fulks for partition. From a rule affirming a finding by a commissioner against the defendant's petition setting up a claim to a share of certain notes of her deceased husband, defendant appeals.

*Affirmed.*

*Jean F. Smith* and *C. S. Welch,* for appellant.

*J. H. Strickling* and *Harry H. Darnall,* for appellees.

LITZ, PRESIDENT:

March 1, 1919, James A. Fulks, then living on a farm which he owned in Lawrence county, Ohio, acquired by deed from P. V. Thorniley and wife, at the price of $25,000, a tract of land in Cabell county, West Virginia, containing 369 acres. He later removed to the Cabell county property,

and there remained until his death, August 25, 1922. On September 23, 1919, Fulks sold and conveyed to Lester Scheff and Virgie Scheff the farm in Ohio for $9,000, receiving from them, as evidence of the purchase price, nine notes of $1,000 each secured by mortgage of the land, and payable jointly to himself and wife, Hattie Fulks. Some time thereafter in the presence of his wife, Fulks collected eight of the notes, applying the proceeds on the purchase price of the real estate in Cabell county.

Soon after his death, the widow, Hattie Fulks, having been appointed and qualified as administratrix of the estate, delivered to the appraisers as a part of the assets, the unpaid $1,000 note which had been found among papers in the exclusive possession of the husband at the time of his death.

January 8, 1923, the children and heirs-at-law of James A. Fulks instituted this suit in chancery against the widow. Hattie Fulks, for partition by sale of the Cabell county land. By consent of the parties a decree was entered June 20, 1923, directing sale and appointing special commissioners for the purpose. Report of sale, by the special commissioners, at the price of $30,000, was confirmed by decree of September 23, 1923.

January 30, 1924, Hattie Fulks filed her petition in the cause setting up claim against the estate to one-half of the nine notes. The matter was referred to a commissioner in chancery who, after taking proof, disallowed the entire claim. Overruling exceptions of the petitioner thereto, the circuit court affirmed the finding of the commissioner. From this ruling the petitioner appealed.

Notwithstanding the general rule that a delivery to the donee is an essential step to a completed gift of personality, the appellant contends that delivery to the husband of the notes payable jointly to herself and him was a delivery to her, from which arises the prima facie presumption that he intended to give her one-half interest in the notes. This exception to the general rule is recognized in the case of *Abegg* v. *Hirst*, 144 Iowa 196, 138 A. S. R. 285, 122 N. W. 838, where a husband who purchased a note and mortgage had

it assigned to himself and wife. The court, after stating the general rule that where, anything remains to be done in carrying out the donor's intent, the gift is not complete, says:

"But here nothing remains for him to do. The assignment was absolute and unconditional. He, as one of the joint assignees, was entitled to the possession of the instruments. His possession thereof was not in any way inconsistent with the complete vesting of title to a, one-half interest in his wife, for delivery to either one in pursuance of the assignment was a complete execution of such assignment. From the time of delivery to him of the instruments, the transaction vesting title thereto in common in himself and wife was complete. The title of his wife's one-half interest did not come to her through him but came to her directly by his procurement from the assignor. There was no occasion for him to deliver the instrument to his wife, in order to effect the transfer of such interest, as she acquired directly from the assignor by the assignment. The delivery by the assignor to complete the assignment was sufficient."

We would be so inclined to hold in this case if there were not facts rebutting the prima facie presumption in favor of appellant. She admits in her testimony that it was the purpose at the time of the execution of the notes to have them applied on the purchase price of the land in Cabell county, owned by him, as was actually done with the proceeds of the eight notes collected. Even though she was originally entitled to one-half of the notes, she can not now recover her interest in the proceeds of those collected for the reason that its application to the purchase price of his property is presumed to have been a gift by her to him. "If a wife deliver or allow her husband to receive money of hers belonging to her separate estate, the presumption is that it is a gift, not a loan." *Bennett* v. *Bennett,* 37 W. Va. 396, 16 S. E. 638. With respect to the unpaid $1,000 note, in view of the fact that it was taken along with the other

eight notes, to her knowledge to be applied on the purchase price of the property belonging to him, the subsequent conduct of appellant and her husband in treating all of the notes as his property, even to the extent on her part of having the unpaid note appraised as an asset of the estate, and her long delay in asserting any claim, the decree of the circuit court complained of will be affirmed. To constitute a gift *inter vivos* two essential elements must combine: an intention to make the gift then and there, and such an actual or constructive delivery at the same time to the donee as divests the donor of all dominion over the subject and invests the donee therewith.

*Affirmed.*