In re Charles A. BIERMAN, Debtor.

Bankruptcy No. X91–01004S.

United States Bankruptcy Court, N.D. Iowa, W.D.

Sept. 6, 1991.

Alvin J. Ford, Sioux City, Iowa, for debtors.

Donald H. Molstad, Sioux City, Iowa, trustee.

## RULING RE: OBJECTION
## TO EXEMPTION

WILLIAM L. EDMONDS, Bankruptcy Judge.

The trustee has objected to debtor's claim of exemption in a 1991 Chevrolet C–1500 sport pickup truck. Trial on the objection was held on September 3, 1991 in Sioux City, Iowa. The court now issues its ruling including findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.

## FINDINGS OF FACT

Charles A. Bierman (BIERMAN) filed his chapter 7 case on May 28, 1991. Prior to filing, he attempted to purchase a new motor vehicle. He shopped at Ratigan Motors but was advised by the general manager that because of his impending bankruptcy, it would be unlikely that he could get a car loan in his own name. The general manager recommended that Bierman obtain a co-signer for a loan. At the time, Bierman owned a 1974 Dodge Charger. In the bankruptcy schedules which he later filed, Bierman scheduled the Charger at a value of $5,000.00; he showed Norwest Bank of Sioux City as having a secured claim against the Charger to the extent of $3,500.00; and he claimed the $1,500.00 equity in the Charger as exempt.

Desiring to have a more dependable vehicle for his business travels, Bierman spoke to his father about his father's signing a note for the new vehicle. His father apparently agreed, and Bierman made arrangements to purchase a 1991 Chevy C–1500 sport pickup truck from Ratigan. The purchase took place prior to Bierman's bankruptcy, and although the schedules were not changed to reflect the change in vehicles, a handwritten addition to the statement of affairs (question 14(b)) showed the sale of the Charger.

Bierman's father obtained a vehicle loan from Metropolitan Bank of Fargo, North Dakota. The loan proceeds and Bierman's trade-in of his Charger were used to purchase the new truck. Upon its purchase, the father's name was placed on the certificate of title as owner. It was contemplated between father and son that Bierman would have possession and use of the truck. Bierman promised his father that he would make the loan payments to the bank, and he agreed also to pay for automobile insurance. Subsequent to filing the bankruptcy case, Bierman amended his schedules deleting the Charger, adding the sports pickup, and claiming it as exempt. The amended schedules show the new pickup truck, the secured claim of Metropolitan Bank of Fargo, and the debtor's claim of exemption. Although the amendment is unclear, because it does not show information headings, it appears as though the bank's claim against the truck is $16,208.40, and the truck has a value of $14,600.00. Even if those figures were reversed, debtor's claim of exemption in the equity would be less than the $5,000.00 allowed under Iowa law.

At purchase, as agreed, Bierman, not his father, obtained possession of the truck. When Bierman encountered problems insuring the vehicle, he ceased driving it and returned it to Ratigan's lot. He plans to sell it, if allowed by the court.

## DISCUSSION

Bierman has amended his claims of exemption to include the new pickup truck. He claims it as exempt as a "motor vehicle" under Iowa Code 627.6(9)(b). The trustee objects to the claim on the ground that the truck is owned by debtor's father and may not be claimed as exempt by Bierman because it is not property of the estate

from which exemptions must be selected. 11 U.S.C. § 522(b). To support his contention that Bierman has no provable property interest in the truck, the trustee cites Iowa Code § 321.45(2) and particularly its subsection (d). Section 321.45(2) of the Iowa Code states:

No person shall acquire any right, title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to the person for such vehicle or by virtue of a manufacturer's or importer's certificate delivered to the person for such vehicle; nor shall any waiver or estoppel operate in favor of any person claiming title to or interest in any vehicle against a person having possession of a certificate of title or manufacturer's or importer's certificate for such vehicle for a valuable consideration except in case of:

a. The perfection of a lien or security interest by notation on the certificate of title as provided in section 321.50, or

b. The perfection of a security interest in new or used vehicles held as inventory for sale as provided in Uniform Commercial Code, chapter 554, Article 9, or

c. A dispute between a buyer and the selling dealer who has failed to deliver or procure the certificate of title as promised, or

d. Except for the purposes of section 321.493. Except in the above enumerated cases, no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued or assigned in accordance with the provisions of this chapter.

 The trustee contends that no exceptions to this statutory rule apply in this case, and thus the father is conclusively presumed to be the owner of the pickup truck. Bierman responds that the court must recognize the resulting trust which he contends was created when he furnished the down payment consideration for the purchase of the vehicle.

Usually a resulting trust involves the situation where the party claiming that a trust resulted, furnished the consideration or purchase price, but the property was conveyed by the seller direct to another person who is sought to be held as trustee for the benefit of the party supplying the consideration.... The other general type of resulting trust ... is where property is transferred without any consideration coming from the transferee and it appears from all the circumstances that he is holding the property for the benefit of the transferor.

*Shaw v. Addison,* 239 Iowa 377, 28 N.W.2d 816, 820 (1947). A resulting trust can be established in personal property as well as real property. *Id.* 28 N.W.2d at 820. If two parties supply consideration for the purchase of property, and title is taken in the name of only one, a resulting trust can result in favor of the other in proportion to his part payment. *Lowell v. Lowell,* 185 Iowa 508, 170 N.W. 811, 812 (1919). The person in whose favor resulting trusts is established would have an equitable interest in the property. *See Ellsworth College v. Emmet County,* 156 Iowa 52, 135 N.W. 594, 597 (1912). The difficulty with Bierman's argument in this regard is that § 321.45(2) and the second section of subsection (d) prohibit the court from considering the establishment of a resulting trust where the claimant has failed to obtain placement of his name on the title. *Butler v. Case,* 161 Ohio St. 288, 118 N.E.2d 836, 839 (1954).

 The inability of the debtor to claim an interest in the motor vehicle under a resulting trust theory does not bar him from seeking to establish a right of purchase under contract. Subsection (c) of § 321.45(2) permits the court to recognize the interest of a buyer under a sales contract. Although the subsection specifies disputes between a buyer and the "selling dealer", it is noted that the Iowa Supreme Court in construing the statute appears to allow its application where there has been a

sale of a motor vehicle between any two parties:

> We believe the proper interpretation of section 321.45(2) requires that as between immediate buyer and seller to a conditional sales agreement involving a motor vehicle, the certificate of title is *prima facie* evidence but not conclusive proof of ownership. To hold otherwise allows the statute to be used as a sword rather than a shield, a result certainly never intended by our legislature.

*Sandhorst v. Mauk's Transfer, Inc.*, 252 N.W.2d 393, 398 (Iowa 1977).

The implication of the oral agreement between Bierman and his father, scant as the evidence of it may be, is that when Bierman completed payment of the father's debt to the bank, he would obtain an assignment of title to the pickup truck. In addition to his right to obtain title upon completion of his obligations, he was entitled to present possession and use. Although the father had legal title and an equitable interest, the son also had an equitable interest. This interest would be provable under Iowa Code § 321.45(2)(c). The remaining question is whether this equitable interest, to the extent it is proven, is exemptable under Iowa Code § 627.-6(9)(b). The court concludes that it is. Bierman's interest in the vehicle is a property right, although the right does not include legal title to the vehicle. Under certain limited circumstances, Iowa Code § 321.-45(2) permits the court to recognize the property right. Bierman's claim of right under his agreement with his father to the extent provable is a property right under 11 U.S.C. § 541(a)(1). It is also exempt property under Iowa Code § 627.6(9)(b). It is true that debtor does not have legal title to a motor vehicle, but the statute does not appear to require legal title as a predicate to a claim of exemption. The statute merely allows the debtor to claim as exempt "[o]ne motor vehicle." This could include a debtor's lease rights in a motor vehicle or a debtor's claim to a motor vehicle under a sales contract even where legal title has not yet been transferred. The trustee has made no argument that the value of debtor's interest in the motor vehicle exceeds $5,000.00, but even had he done so, this court from the evidence has found that the value does not exceed that amount.

## CONCLUSIONS OF LAW

Debtor may claim as exempt under Iowa Code § 627.6(9)(b) his equitable interest in a 1991 Chevrolet C–1500 sports pickup truck to the extent that interest is provable under Iowa Code § 321.45(2).

## ORDER

IT IS ORDERED that the trustee's objection to the debtor's claim of exemption in a 1991 Chevrolet C–1500 sports pickup truck is overruled. Judgment shall enter accordingly.

SO ORDERED.